1  Rebecca Aragon, Bar No. 134496
   raragon@littler.com
2  Jacob Krall, Bar No. 296078
   jkrall@littler.com
3  LITTLER MENDELSON P.C.
   633 West Fifth Street
4  63rd Floor
   Los Angeles, California  90071
5  Telephone:   (213) 443-4300
   Fax No.: (213) 442-4299
6
7  Attorneys for Defendants
   ARGUS CONTRACTING, LP AND IREX
8  CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA ELISA CARRILLO GEIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARGUS CONTRACTING LP, a California limited partnership; IREX CORPORATION, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-09590<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[Filed concurrently with the Declaration of Rebecca Aragon; Declaration of Craig E. Skeie, Notice of Related Cases, Notice of Interested Parties; Civil Case Cover Sheet, Disclosure Statement]<br><br>Complaint Filed: October 26, 2021 |

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

1

4853-5445-6070.2 / 083674-1008

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF JUANA ELISA CARRILLO GEIZ, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants ARGUS CONTRACTING LP ("Argus") and IREX CORPORATION ("Irex") (collectively, "Defendants") hereby remove the above-entitled action, Case No. 21STCV39553, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1367 and 1441.

Defendants make the following allegations in support of Notice of Removal:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under Section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action that presents a federal question pursuant to 29 U.S.C. § 185, the Labor Management Relations Act ("LMRA").

2. With respect to any other causes of action brought under California law which are separate and independent from those arising under section 301(a) of the LMRA, such causes of action are removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

3. As set forth below, this case meets all of the requirements of Sections 1331 and 1367 for removal and is timely and properly removed by the filing of this Notice.

4. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

## PLEADINGS, PROCESS, AND ORDERS

5. On or about October 26, 2021, Plaintiff Juana Elisa Carrillo Geiz ("Plaintiff") commenced the above-captioned civil action in the Los Angeles County Superior Court by filing a Complaint entitled *Geiz v. Argus Contracting, LP, et al.*, docketed as Case No. STCV39553. The Complaint asserts eight (8) causes of action: (1) Failure to Pay Minimum Wage [California Labor Code §§ 204, 1194 1194.2 and

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

4853-5445-6070.2 / 083674-1008

1197; (2) Failure to pay Overtime Compensation [Labor Code §§ 1194 and 119]; (3) Failure to Provide Meal Periods [Labor Code §§ 226.7 and 512]; (4) Failure to Authorize Rest Periods [Labor Code §§ 226.7]; (5) Failure to indemnify Necessary business Expenses [Labor Code § 2802]; (6) Failure to Timely Pay Final Wage at Termination [Labor Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Labor Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].

6. On November 10, 2021, the Complaint, Summons, Civil Case Cover Sheet, Notice of Case Assignment, and ADR Package were served on Defendants. True and correct copies of the Complaint and the accompanying documents are attached as **Exhibit A** to the Declaration of Rebecca Aragon in Support of Defendant's Notice of Removal of Action ("Aragon Decl.") and incorporated here by reference. (Aragon Decl., ¶ 2, Ex. A.) On November 30, 2021, Defendants were served with a Notice of Initial Status Conference. A true and correct copy of the Notice is attached as **Exhibit B** to the Aragon Decl. (Aragon Decl., ¶ 3, Ex. B.)

7. Plaintiff filed Proofs of Service of the Complaint on November 12, 2021. True and correct copies of the Proofs of Service are attached as **Exhibit C** to the Aragon Decl. (Aragon Decl., ¶ 4, Ex. C.)

8. Defendants filed an Answer to the Class Action Complaint on December 8, 2021. A true and correct copy of the Answer is attached as **Exhibit D** to the Aragon Decl.

9. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of Los Angeles, or served by any other party other than as described above. Exhibit A-C referenced above and incorporated into this Notice satisfy the requirements of 28 U.S.C. § 1446. (Aragon Decl., ¶ 5.)

///

///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3

4853-5445-6070.2 / 083674-1008

## TIMELINESS OF REMOVAL

10. Defendants were served with the Summons and Complaint on November 10, 2021. (See Aragon Decl., Ex. C.) This Notice of Removal has been filed within thirty (30) days of service on Defendants of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) Therefore, the Notice is timely filed.

## PLAINTIFF'S EMPLOYMENT AND THE EMPLOYMENT OF PUTATIVE CLASS MEMBERS SUBJECT TO COLLECTIVE BARGAINING AGREEMENTS

11. Argus is a full-service commercial contractor with a California office located in Santa Fe Springs. Argus acts as a prime contractor or a subcontractor, and provides construction, renovation, and maintenance services to a variety of construction industry markets.

12. In 2018, Argus, through its representative the Southern California Environmental Contractors Association, entered into a collectively bargained labor agreement ("2018 Local 300 CBA") with the Southern California District Council of Laborers (affiliated with the Laborers' International Union of North America) and its affiliated Local Union No. 300 ("Local 300 Union").[1] (Declaration of Craig E. Skeie in support of Notice of Removal ("Skeie Dec.") ¶ 3, Ex. B, 2018 Local 300 CBA.) The 2018 Local 300 CBA is effective from October 1, 2018 through July 31, 2022 and governs the wages, hours, and working conditions for all hourly-paid employees, like Plaintiff, working in California in the field of asbestos and toxic waste abatement, among other fields. (Skeie Dec. ¶ 3, Ex. B)

///

///

---

[1] Argus expressly authorized Southern California Environmental Contractors Association to act as its collective bargaining representative. (Skeie Dec. ¶ 2, Ex. A Designation of Collective Bargaining Agreements and Power of Attorney, )

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4

4853-5445-6070.2 / 083674-1008

13. As part of the 2018 Local 300 CBA, Local 300 Union and Argus simultaneously entered into a Recovery Work Contract ("2018 RWC"). The 2018 RWC applied to private asbestos abatement work and included wage rates and overtime terms for employees. (Skeie Dec. ¶ 4, Exhibit C)

14. The 2018 Local 300 CBA contains specific language governing hours of work, meal periods, rest periods, wages rates and payment, overtime, and business expenses. (Skeie Decl., ¶¶ 3, 4, Ex. B, 2018 Local 300 CBA, Secs. VII, VIII, XI, XII and Appendix A, pp. 21-22; Ex. C, 2018 RWC, ¶¶ 3, 6.) The CBA also provides for a grievance process and a Board of Adjustment to resolve any disputes arising under the CBA. (Skeie Decl. ¶ 3, Ex. B, 2018 Local 300 CBA, Sec. XIV and Appendix D, p. 26-28.)

15. The 2018 RWC includes wage rates and overtime terms, among others not pertinent to Plaintiff's claims, but per paragraph 1 of the 2018 RWC, the terms of the 2018 Local 300 CBA "shall apply unless otherwise expressly provided in this RWC." (Skeie Decl. ¶ 4, Ex. C, 2018 RWC, ¶ 1.) The 2018 RWC provides for premium wage rates for all overtime hours worked. (Skeie Decl., ¶¶ 3, 4 Ex. B, 2018 Local 300 CBA, §§ 7.2 and 7.3; Ex. C, 2018 RWC, ¶¶ 3, 5-6.)

16. Plaintiff was hired by Argus on or about November 15, 2019 as an asbestos/lead remediation worker. (Skeie Decl., ¶ 5.) During the entire duration of her employment with Argus, Plaintiff was a member of Local 300 Union, and her employment and working conditions were governed by the 2018 Local 300 CBA and 2018 RWC. (Skeie Decl., ¶ 5.) As an asbestos/lead remediation worker, Plaintiff's job duties involved construction, including alteration, demolition, building, excavation, renovation, remodeling, maintenance, improvement, and repair. Plaintiff's employment terminated on July 19, 2021. At the time of her termination, Plaintiff earned $21.50 per hour. (Skeie Decl., ¶ 5.)

///

///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5

4853-5445-6070.2 / 083674-1008

17. Local 300 Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

18. At all relevant times, Defendants are and have been engaged in an industry affecting commerce within the meaning of Sections 152(2), (6), (7) and 301(a) of the LMRA, 29 U.S.C. §§ 152 (2), (6), (7), and 185(a).

19. Based on the allegations in the Complaint, Argus is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).[2]

20. In addition to the CBA and RCW entered into between Defendant Argus and members of Local 300 Union, described above, the terms of employment of other putative class members were governed by one or more of the following CBAs and RWCs:

    a. *2016 Local 300 CBA*: Collective Bargaining Agreement entered into between Argus and the Southern California District Council of Laborers (affiliated with the Laborers' International Union of North America) and its affiliated Local Union No. 300 ("Local 300 Union") on or around April 2016;

    b. *The 2018 RWC*: Recovery Work Contract entered into between Argus and Local 300 Union as part of the 2016 Local 300 CBA;

    c. *2017 Local 5 CBA*: Collective Bargaining Agreement entered into between Argus and Southern California Chapter, Western Insulations Contractors Association and International Association of Heat and Frost Insulators and Allied Workers, Local No. 5 (collectively, "Local 5 Union") on or around July 3, 2017;

    d. *2020 Local 5 CBA*: Collective Bargaining Agreement entered into between Argus and Local Union 5 in July 2020; and

---

[2] Argus is a subsidiary of Defendant Irex Corporation. Irex is not a signatory to the 2016 CBA, however, it still has standing to seek removal of this case to federal court on the grounds that it is preempted by § 301 of the LMRA. *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1406-07 (9th Cir. 1991)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4853-5445-6070.2 / 083674-1008

     e. *2018 Local 630/631 CBA*: Collective Bargaining Agreement entered into between Argus the Southwest Regional Council of Carpenters and Joiners of America and its affiliated local unions ("Carpenters Union") in 2018.

21. These CBA and RWCs govern the wages, hours and working conditions of Defendant Argus's employees subject to the agreements and contracts.

22. Local 5 Union and Carpenters Union are a labor organizations within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

## REMOVAL JURISDICTION PURSUANT TO SUBJECT MATTER JURISDICTION BASED ON A FEDERAL QUESTION

23. A state-court action may be removed to federal court if it qualifies as a civil action of which the district courts of the United States have original jurisdiction unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a). 28 U.S.C. 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

24. Section 301 of the Labor Management Relations Act ("LMRA") "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *McCray v. Marriott Hotel Servs., Inc*., 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 184(a)). "By enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *Id*. "In these areas, 'the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.'" *Id*. (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal*., 463 U.S. 1, 23 (1983)). "Thus, any suit 'alleging a violation of a provision of a labor contract must be brought under § 301

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4853-5445-6070.2 / 083674-1008

and be resolved by reference to federal law.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151–52 (9th Cir. 2019) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)).

25. The Ninth Circuit has adopted a two-step inquiry to determine whether a claim is preempted under § 301. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). First, if the "asserted cause of action involves a 'right [that] exists solely as a result of the CBA," then "the claim is preempted, and [the] analysis ends there." Id. (alteration in original) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). "The essential inquiry is this: Does the claim seek 'purely to vindicate a right or duty created by the CBA itself[?]'" Id. (alteration in original) (quoting *Alaska Airlines v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018).

26. Second, if a "plaintiff's state law right is substantially dependent on analysis" of the CBA, then the claim is preempted. *Curtis*, 913 F.3d at 1153 (quoting *Kobald*, 832 F.3d at 1033). This second step "turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." Id. (quoting *Kobold*, 832 F.3d at 1033).

27. Here, Plaintiff alleged causes of action for failure to pay minimum wages, failure to pay overtime compensation, failure to provide timely, uninterrupted meal periods failure to authorize and permit rest periods and failure to indemnify business expenses. Complaint ¶¶ 33, 45, 52, 56 and 59. The 2018 Local 300 CBA contains specific language governing hours of work, meal periods, rest periods, wages rates and payment, overtime, and business expenses. (Skeie Decl., ¶¶ 3, 4, Ex. B, 2018 Local 300 CBA, Secs. VII, VIII, XI, XII and Appendix A, pp. 21-22; Ex. B, 2018 RWC, ¶¶ 3, 6.) The CBA also provides for a grievance process and a Board of Adjustment to resolve any disputes arising under the CBA. (Skeie Decl., ¶ 3, Ex. B, 2018 Local 300 CBA, Sec. XIV and Appendix D, p. 26-28.)

///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4853-5445-6070.2 / 083674-1008

28. As will be described below, the alleged Labor Code violations underlying Plaintiff's Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394.

**A. Plaintiff's Causes Of Action For Failure To Provide Overtime And Failure To Provide Meal Periods Are Preempted Because They Exist Solely As A Result Of The CBA.**

29. Plaintiff's second cause of action for failure to pay overtime wages under Labor Code section 510 is preempted by Section 301 of the LMRA because the 2018 Local 300 CBA is a "qualifying" CBA under Labor Code Section 514 and *Curtis.* See Cal. Lab. Code § 514 ("Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for wages, hours of work, and working conditions of the employees, and if the agreement provides premium wages for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30% more than the state minimum wage.")[3] The 2018 Local 300 CBA provides for wages, hours of work, and working conditions including minimum and overtime and pay of not less than 30 percent more than the state minimum wage. (Skeie Decl., ¶ 3, Ex. B, 2018 Local 300 CBA.)

30. Plaintiff's third cause of action for failure to provide meal periods under Cal. Labor Code §§ 226.7 and 512 is preempted by Section 301 of the LMRA because the 2018 Local 300 CBA satisfies the statutory exemption set forth at Labor Code section 512(e)(2). The 2018 Local 300 CBA provides for wages, hours of work, and working conditions; final and binding arbitration of disputes concerning application of its meal period provisions; and pay of not less than 30 percent more than the state

---

[3] *See also Curtis*, 913 F.3d 1146, 1155 (9th Cir. 2019) ("By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301).

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

4853-5445-6070.2 / 083674-1008

minimum wage. (Labor Code section 512(e)(2); Skeie Decl., ¶ 3, Ex. B, 2018 Local 300 CBA.)

31. Thus, the CBA governs the right to meal periods in this instance, and Plaintiff's claim is preempted by § 301. *See Marquez v. Toll Global Forwarding (USA) Inc.*, 2018 WL 3218102, *3 (C.D. Cal. Jun. 28, 2018) ("If a claim is grounded only on rights created by the CBA, it is preempted by § 301 and the analysis ends here.") (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

**B. Resolving Plaintiff's Other Causes Of Action For Failure to Pay Minimum Wage, Failure To Authorize Rest Breaks And Failure To Indemnify Require Interpretation Of The CBA**

32. The 2018 Local 300 CBA contains specific language governing hours of work, rest periods, wages rates and payment and business expenses. (Skeie Decl., ¶¶ 3, 4, Ex. B, 2018 Local 300 CBA, Secs. VII, VIII, XI, XII and Appendix A, pp. 21-22; Ex. B, 2018 RWC, ¶¶ 3, 6.) The CBA also provides for a grievance process and a Board of Adjustment to resolve any disputes arising under the CBA. (Skeie Decl., ¶ 3, Ex. B, 2018 Local 300 CBA, Sec. XIV and Appendix D, p. 26-28.) Resolving Plaintiff's claim will require the Court to interpret each of these provisions in the applicable CBAs.

33. In addition, whether Defendants allegedly failed to provide Plaintiff and the putative class members with meal periods requires the Court to analyze and interpret not only the CBA, but also the <u>past practices</u> between the alleged Defendants and Local 300 Union. The parties' past practices are deemed to be part of the CBA. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significant in interpreting their agreement."). Specifically, the Court must interpret the parties' practices regarding the extent to which they agree that Plaintiff may take meal period

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10

4853-5445-6070.2 / 083674-1008

breaks in accordance with its terms.[4]

34. All of Plaintiff's claims are, in essence, alleged violations of the 2018 Local 300 CBA. Thus, the Court must interpret the 2018 Local 300 CBA's grievance provision. (Skeie Decl.,¶ 3, Ex. B, 2018 Local 300 CBA, Sec., XIV and Appendix D.) Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether she did in fact exhaust those procedures, and whether she agreed to arbitrate all or some of her claims. Each of these questions is reserved for federal courts pursuant to the LMRA; indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

35. Here, the 2018 Local 300 CBA and related documents are the exclusive documents governing the employment of Plaintiff and the putative class. (*See* Skeie Decl.,¶ 3, Ex. B, 2018 Local 300 CBA.) Moreover, Appendix D states specifically: "all employee disputes concerning violations of, or arising under Wage Order 16 …, the California Labor Code Sections identified in the California Labor Code section 2699.5, as amended, the California Private Attorneys General Act (Labor Code section 2698, et seq.), and federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods … shall be subject to and must be processed by the employee pursuant to the procedures set forth in this Appendix D as the sole and exclusive remedy." (Skeie Decl.,¶ 3, Ex. B, 2018 Local 300 CBA, Appendix D, p. 27.) Moreover, "[g]rievances and arbitrations of [the foregoing claims] shall be brought by the individual employee in an individual capacity only and not as a grievant or class

---

[4] This same argument applies to Plaintiff's wage claims as well as her claims for rest periods and expense reimbursement.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

11

4853-5445-6070.2 / 083674-1008

member in any purported class or representative grievance or arbitration proceeding." (*Id.*) Accordingly, an alleged violation of the 2018 Local 300 CBA is subject to the grievance procedure, which serves the underlying purposes of the LMRA. Thus, no part of Plaintiff's claim may be resolved without interpreting provisions of the CBA.

36. Plaintiff's claims are substantially dependent upon the interpretation of the terms and provisions of the 2018 Local 300 CBA and related documents. In fact, the 2018 Local 300 CBA's terms and provisions govern all of the conduct that forms the basis for Plaintiff's Complaint and are thus essential to the resolution of Plaintiff's claims.

37. In this action, the terms and provisions of the CBA will be essential to resolution of Plaintiff's class claims in that a determination must be made, based on interpretation of the language of the CBA and the practices under the CBA, as to whether and at what rate putative class members should have been paid overtime wages, and whether the putative class members are entitled to meal period premiums for meals commencing after five hours of work. Any analysis of the factual allegations, damages claims, and defenses at issue will require extensive reference to and interpretation of the terms of the CBA. As such, the true nature of Plaintiff's Complaint involves claims arising under section 301 of the LMRA, which are therefore to this Court. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

**C. Plaintiff's Employment Was Governed by A Valid CBA That Provided for Premium Wages for all Overtime Hours and a Regular Hourly Pay Rate of Not Less Than 30% of Minimum Wage.**

38. As noted above, the 2018 RWC provides for premium wage rates for all overtime hours worked. (Skeie Decl., ¶¶ 3,4, Ex. B, 2018 Local 300 CBA, §§ 7.2 and 7.3; Ex. B, 2018 RWC, ¶¶ 3, 5-6.) The 2018 Local 300 CBA and 2018 RWC provide for a regular rate of pay of not less than 30 percent more than the state minimum wage.

///

///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

12

4853-5445-6070.2 / 083674-1008

39. This is demonstrated in the following table:

| Effective Date | California Minimum Wage by Year (Employers with 26 or More Employees) | Minimum Hourly Wage Required to Exceed Applicable State Minimum Wage by 30% | Lowest Hourly Rate Provided for in 2016 CBA |
|---|---|---|---|
| Jan. 1, 2018 | $11.00 | $14.30 | $19.10 |
| Jan. 1, 2019 | $12.00 | $15.60 | $20.20 |
| Jan. 1, 2020 | $13.00 | $16.90 | $20.85 |
| Jan. 1, 2021 | $14.00 | $18.20 | $21.50 |

Cal. Lab. Code § 1182.12(b)(1); (Skeie Decl. ¶ 4, Ex. C, 2018 RWC, ¶ 3, p. 3).

40. At all times throughout her employment with Argus, Plaintiff was a member of the Local 300 Union, and her wages, hours, and working conditions were governed by the 2018 Local 300 CBA and 2018 RWC. (Skeie Decl., ¶¶ 3-5.)

41. Sections I and II of the 2018 Local 300 CBA provide that the Union is the sole and exclusive bargaining representative of the laborers covered by the CBA pursuant to its craft jurisdiction. (Skeie Decl., Ex. A, 2018 Local 300 CBA, Secs. I and II.) The 2018 Local 300 CBA covers the employment conditions at issue in Plaintiff's Complaint, including hours of work, lunch periods, wages rates and payment, overtime, and business expenses. (Skeie Decl., Ex. A, 2018 Local 300 CBA, Secs. V, VII, VIII, XI, XII and Appendix A, pp. 22-23; Ex. B, 2018 RWC, ¶¶ 3, 6.)

42. In fact, the putative class includes other non-exempt construction employees, including carpenters and heat and cold insulators, whose employments were governed by separate collective bargaining agreements. (Skeie Decl., ¶ 6.)

**D. Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA in Her Complaint Does Not Preclude Removal**

43. The Complaint omits the fact that Plaintiff was a member of the Union or that a CBA governed her employment. A plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

13

4853-5445-6070.2 / 083674-1008

F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

44. Plaintiff's failure to reference the 2018 Local 300 CBA and related documents or Section 301 does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

45. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

## SUPPLEMENTAL JURISDICTION

46. To the extent there are certain underlying alleged Labor Code violations that do not arise under Section 301 of the LMRA, the class action claims based on those violations remains within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, at *17 (plaintiff's additional

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

14

4853-5445-6070.2 / 083674-1008

claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA).

## NOTICE TO PLAINTIFF AND THE STATE COURT

47.  Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Kane Moon, Allen Feghali, and Edwin Kamarzian of Moon & Yang, APC, 1055 W. Seventh Street, Suite 1880, Los Angeles, CA 90017. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated:   December 10, 2021

LITTLER MENDELSON P.C.

Rebecca Aragon
Jacob Krall
Attorneys for Defendants
ARGUS CONTRACTORS LP and IREX CORPORATION

4853-5445-6070.2 / 083674-1008