Rebecca Aragon, Bar No. 134496
raragon@littler.com
Jacob Krall, Bar No. 296078
jkrall@littler.com
LITTLER MENDELSON P.C.
633 West Fifth Street
63rd Floor
Los Angeles, California  90071
Telephone:   (213) 443-4300
Fax No.: (213) 442-4299

Attorneys for Defendants
ARGUS CONTRACTING, LP AND IREX
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA ELISA CARRILLO GEIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARGUS CONTRACTING LP, a California limited partnership; IREX CORPORATION, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:21-cv-09590<br><br>**DECLARATION OF REBECCA ARAGON IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[Filed concurrently with the Notice of Removal; Declaration of Craig E. Skeie, Notice of Related Cases, Notice of Interested Parties; Civil Case Cover Sheet, Disclosure Statement]<br><br>Complaint Filed: October 26, 2021 |

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4876-8940-4165.1 / 083674-1008

1

## DECLARATION OF REBECCA ARAGON

I, Rebecca Aragon, declare as follows:

1.      I am an attorney at law, licensed to practice in the State of California and before this Court. I am a shareholder with the law firm Littler Mendelson P.C., and one of the attorneys representing Defendants Argus Contracting LP and Irex Corporation (collectively, "Defendants") in this action. I have personal knowledge of the facts set forth below and, if called upon to testify regarding the matters contained in this Declaration, I could and would competently do so.

2.      Attached hereto as **Exhibit A** is the Complaint, Summons, Civil Case Cover Sheet, Notice of Case Assignment, and ADR Package in this case, which was served on Defendant Argus Contracting LP on November 10, 2021.

3.      Attached hereto as **Exhibit B** is the Notice of Initial Status Conference that was served on Defendants herein.

4.      Attached hereto as **Exhibit C** are the Proofs of Service of the Summons and Complaint that Plaintiff filed on November 11, 2021.

5.      Attached hereto as **Exhibit D** is the Answer filed by Defendants in the instant case.

6.      To my knowledge, Exhibits A-D attached hereto constitute all process, pleadings, and orders filed and served upon Defendants in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed at Los Angeles, California on this December 10, 2021.


_____
Rebecca Aragon

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4876-8940-4165.1 / 083674-1008

2

# EXHIBIT "A"

 **CT Corporation**

**Service of Process Transmittal**
11/10/2021
CT Log Number 540565391

TO: James E Hipolit, VP & Gen Csl
Irex Corporation
120 N LIME ST
LANCASTER, PA 17602-2923

RE: **Process Served in California**

FOR: Argus Contracting LP  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JUANA ELISA CARRILLO GEIZ, individually, and on behalf of all others similarly situated // To: Argus Contracting LP |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV39553 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/10/2021 at 01:26 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2021, Expected Purge Date: 11/15/2021 |
| | Image SOP |
| | Email Notification,  James E Hipolit  JHIPOLIT@IREXCORP.COM |
| | Email Notification,  Diana Rambler  drambler@irexcorp.com |
| | Email Notification,  Lorraine Maxwell  lshellen@irexcorp.com |
| | Email Notification,  Angela Boyle  aboyle@irexcorp.com |
| | Email Notification,  Shana Nelling  snelling@irexcorp.com |
| | Email Notification,  Karen Lando  klando@irexcorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
11/10/2021
CT Log Number 540565391

**TO:**     James E Hipolit, VP & Gen Csl
            Irex Corporation
            120 N LIME ST
            LANCASTER, PA 17602-2923

**RE:**     **Process Served in California**

**FOR:**    Argus Contracting LP  (Domestic State: CA)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Nov 10, 2021

**Server Name:**                   GERARDO MARTINEZ

| Entity Served | ARGUS CONTRACTING LP |
|---|---|
| Case Number | 21STCV39553 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 05:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**SUM-100**

<table>
<tr><td></td><td><b>SUMMONS</b><br><i>(CITACION JUDICIAL)</i></td><td><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARGUS CONRACTING LP, a California limited partnership; IREX CORPORATION,
a Pennsylvania corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUANA ELISA CARRILLO GEIZ, individually, and on behalf of all
others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

<table>
<tr><td>The name and address of the court is:<br><i>(El nombre y dirección de la corte es):</i> Los Angeles<br><br>111 N. Hill Street<br>Los Angeles, CA 90012</td><td>CASE NUMBER:<br><i>(Número del Caso):</i><br>21STCV39553</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kane Moon, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

<table>
<tr><td>DATE:<br><i>(Fecha)</i> 10/26/2021</td><td>Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br><i>(Secretario)</i> R. Lozano</td><td>, Deputy<br><i>(Adjunto)</i></td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ARGUS CONTRACTING LP, a California limited partnership

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Carolyn Kuhl

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 05:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Kane Moon (SBN 249834)
    E-mail: kane.moon@moonyanglaw.com
Allen Feghali (SBN 301080)
    E-mail: allen.feghali@moonyanglaw.com
Edwin Kamarzarian (SBN 327830)
    E-mail: edwin.kamarzarian@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Juana Elisa Carrillo Geiz

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUANA ELISA CARRILLO GEIZ, individually, and on behalf of all others similarly situated, | Case No.: 21STCV39553 |
| Plaintiff, | **CLASS ACTION COMPLAINT:** |
| vs. | 1. Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; |
| ARGUS CONRACTING LP, a California limited partnership; IREX CORPORATION, a Pennsylvania corporation; and DOES 1 through 10, inclusive, | 3. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>5. Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; |
| Defendants | 6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and<br>8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]. |
| | **DEMAND FOR JURY TRIAL** |

1

### TABLE OF CONTENTS

2    INTRODUCTION & PRELIMINARY STATEMENT.................................................. 1

3    THE PARTIES ...................................................................................................... 3

4         A.   Plaintiff.................................................................................................. 3

5         B.   Defendants........................................................................................... 3

6    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................. 4

7    CLASS ACTION ALLEGATIONS ........................................................................ 8

8    FIRST CAUSE OF ACTION................................................................................ 12

9    SECOND CAUSE OF ACTION .......................................................................... 13

10    THIRD CAUSE OF ACTION .............................................................................. 15

11    FOURTH CAUSE OF ACTION........................................................................... 15

12    FIFTH CAUSE OF ACTION ............................................................................... 16

13    SIXTH CAUSE OF ACTION .............................................................................. 17

14    SEVENTH CAUSE OF ACTION......................................................................... 18

15    EIGHTH CAUSE OF ACTION ........................................................................... 19

16    PRAYER FOR RELIEF ...................................................................................... 22

17    DEMAND FOR JURY TRIAL ............................................................................ 26

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Juana Elisa Carrillo Geiz ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendants Argus Contracting LP, Irex Corporation, and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2.    Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employeeduring the statute of limitations period applicable to the claims pleaded here.

3.    Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.    Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

   (a)    Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b)   Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)   Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)   Failing to indemnify employees for necessary business expenses incurred;

(e)   Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)   Failing to maintain accurate records of the hours that employees worked.

(g)   Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.   On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.   At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

2

CLASS ACTION COMPLAINT

## THE PARTIES

**A.**   **Plaintiff**

7.     Plaintiff is a California resident that worked for Defendants in the State of California, as a tube maintenance worker from approximately November 2019 to July 2021.

8.     Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.**   **Defendants**

9.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Argus Contracting LP is:

   (a)     A California limited partnership with its principal place of business in Los Angeles, California.

   (b)     A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County; and

   (c)     The former employer of Plaintiff, and the current and/or former employer of the putative Class. Argus Contracting LP suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Irex Corporation is:

   (a)     A Pennsylvania corporation with its principal place of business in Los Angeles, California.

   (b)     A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County;

   (c)     The former employer of Plaintiff, and the current and/or former employer of the putative Class. Irex Corporation suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions; and

1           (d)    At all times herein mentioned, Defendants, and each of them, were joint

2                  employers of Plaintiff and the Class.

3       11.    Plaintiff does not currently know the true names or capacities of the persons or

4 entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious

5 names. Each of the Doe Defendants was in some manner legally responsible for the damages

6 suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set

7 forth the true names and capacities of these Defendants when they have been ascertained,

8 together with appropriate charging allegations, as may be necessary.

9       12.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and

10 each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

11 and/or injured a significant number of the Plaintiff and the Class in the State of California.

12       13.    Plaintiff is informed and believes and thereon alleges that at all relevant times

13 each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

14 the other employees described in the class definitions below, and exercised control over their

15 wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges

16 that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

17 director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

18 and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

19 or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

20 some or all of the other Defendants so as to be liable for their conduct with respect to the matters

21 alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted

22 pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

23 should have known about, and authorized, ratified, adopted, approved, controlled, aided and

24 abetted the conduct of all other Defendants.

25     **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26       14.    Plaintiff is a California resident who worked for Defendants in the State of

27 California, as a tube maintenance worker from approximately November 2019 to July 2021.

28

During the statutory time period, Plaintiff was typically scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday.

15.     Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

16.     Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Throughout the statutory period, Plaintiff and the Class were required to work "off the clock", uncompensated. For example, Plaintiff and the Class were required to wait in line in order to sign into work (signing a piece of paper with a name), uncompensated.  Plaintiff and the Class were also occasionally required to pick u paint and other materials prior to clocking into work, without compensation.  Also, Plaintiff and the Class were regularly required to arrive at work approximately 45 minutes prior to the shift beginning, where the supervisors indicated that it is better to arrive 1 hour early than 1 hour late.  In the event Plaintiff and the Class arrived later than 45 minutes early, a verbal warning would be given, with the threat of sending the employee home without pay.  In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

17.     Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of

work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Further, Plaintiff and the Class were required to take a combined meal and rest period of 1 hour. Defendants failed to accurately record the meal period, and they were automatically deducted. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

18.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Further, Plaintiff and the Class were required to take a combined meal and rest period of 1 hour. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

19.     Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the purchase of pants, boots, work shirts, and tools (such as scissors, screwdrivers, hammers, batteries, and wire cutters), without reimbursement.

20.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Further,

Defendants did not pay Plaintiff and the Class their final paychecks immediately upon termination.

21.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). Further, the wage statements do not show Defendant's address as required by California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

      (a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

      (b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

      (c)     the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

      (d)     the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

      (e)     the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

      (f)     in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have

7

1         to perform mathematical computations to determine the amounts of wages

2         owed to them, computations they would not have to make if the wage

3         statements contained the required accurate information;

4     (g)   by understating the wages truly due them, the violations caused them to

5         lose entitlement and/or accrual of the full amount of Social Security,

6         disability, unemployment, and other governmental benefits;

7     (h)   the wage statements inaccurately understated the wages, hours, and wages

8         rates to which Plaintiff and the Class were entitled, and Plaintiff and the

9         Class were paid less than the wages and wage rates to which they were

10         entitled.

11 Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code §

12 226(e), including actual damages.

13 **CLASS ACTION ALLEGATIONS**

14     22.    Plaintiff brings certain claims individually, as well as on behalf of each and all

15 other persons similarly situated, and thus, seek class certification under California Code of Civil

16 Procedure § 382.

17     23.    All claims alleged herein arise under California law for which Plaintiff seeks relief

18 authorized by California law.

19     24.    The proposed Class consists of and is defined as:

20

21     All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

22

23     25.    At all material times, Plaintiff was a member of the Class.

24     26.    Plaintiff undertakes this concerted activity to improve the wages and working

25 conditions of all Class Members.

26     27.    There is a well-defined community of interest in the litigation and the Class is

27 readily ascertainable:

28

(a) <u>Numerosity</u>:  The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of

9

the claims in the particular forum; and

4)    The difficulties likely to be encountered in the management of a class action.

(e)    <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

28.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a)    Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

(b)    Failed to provide meal periods and pay meal period premium wages to Class Members;

(c)    Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)    Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)    Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f)    Failed to reimburse Class Members for all necessary business expenses; and

10

1      (g)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a

2              result of their illegal conduct as described above.

3   29.    This Court should permit this action to be maintained as a class action pursuant to

4   California Code of Civil Procedure § 382 because:

5      (a)     The questions of law and fact common to the Class predominate over any

6              question affecting only individual members;

7      (b)     A class action is superior to any other available method for the fair and

8              efficient adjudication of the claims of the members of the Class;

9      (c)     The members of the Class are so numerous that it is impractical to bring all

10             members of the class before the Court;

11     (d)     Plaintiff, and the other members of the Class, will not be able to obtain

12             effective and economic legal redress unless the action is maintained as a

13             class action;

14     (e)     There is a community of interest in obtaining appropriate legal and

15             equitable relief for the statutory violations; and in obtaining adequate

16             compensation for the damages and injuries for which Defendants are

17             responsible in an amount sufficient to adequately compensate the members

18             of the Class for the injuries sustained;

19     (f)     Without class certification, the prosecution of separate actions by

20             individual members of the class would create a risk of:

21         1)     Inconsistent or varying adjudications with respect to individual

22                members of the Class which would establish incompatible standards

23                of conduct for Defendants; and/or

24         2)     Adjudications with respect to the individual members which would,

25                as a practical matter, be dispositive of the interests of other

26                members not parties to the adjudications, or would substantially

27                impair or impede their ability to protect their interests, including but

28                not limited to the potential for exhausting the funds available from

1    those parties who are, or may be, responsible Defendants; and,

2    (g)    Defendants have acted or refused to act on grounds generally applicable to

3    the Class, thereby making final injunctive relief appropriate with respect to

4    the class as a whole.

5    30.    Plaintiff contemplates the eventual issuance of notice to the proposed members of

6    the Class that would set forth the subject and nature of the instant action.  The Defendants' own

7    business records may be utilized for assistance in the preparation and issuance of the

8    contemplated notices.  To the extent that any further notices may be required, Plaintiff would

9    contemplate the use of additional techniques and forms commonly used in class actions, such as

10   published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

11   other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

12   **FIRST CAUSE OF ACTION**

13   **(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

14   31.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

15   paragraphs 1 through 21 in this Complaint.

16   32.    "Hours worked" is the time during which an employee is subject to the control of

17   an employer, and includes all the time the employee is suffered or permitted to work, whether or

18   not required to do so.

19   33.    At all relevant times herein mentioned, Defendants knowingly failed to pay to

20   Plaintiff and the Class compensation for all hours they worked.  By their failure to pay

21   compensation for each hour worked as alleged above, Defendants willfully violated the

22   provisions of Section 1194 of the California Labor Code, and any additional applicable Wage

23   Orders, which require such compensation to non-exempt employees.

24   34.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all

25   non-overtime hours worked for Defendants.

26   35.    By and through the conduct described above, Plaintiff and the Class have been

27   deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

28

36.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

37.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

38.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

39.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

40.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

### SECOND CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Overtime Wages)**

41.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

42.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43.     California Labor Code §§ 1194 and 1198 provide that employees in California

13

1    shall not be employed more than eight hours in any workday unless they receive additional

2    compensation beyond their regular wages in amounts specified by law. Additionally, California

3    Labor Code § 1198 states that the employment of an employee for longer hours than those fixed

4    by the Industrial Welfare Commission is unlawful.

5       44.   At all times relevant hereto, Plaintiff and the Class have worked more than eight

6    hours in a workday, as employees of Defendants.

7       45.   At all times relevant hereto, Defendants failed to pay Plaintiff and the Class

8    overtime compensation for the hours they have worked in excess of the maximum hours

9    permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class

10   are regularly required to work overtime hours.

11      46.   By virtue of Defendants' unlawful failure to pay additional premium rate

12   compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the

13   Class have suffered, and will continue to suffer, damages in amounts which are presently

14   unknown to them but which exceed the jurisdictional minimum of this Court and which will be

15   ascertained according to proof at trial.

16      47.   By failing to keep adequate time records required by Labor Code § 1174(d),

17   Defendants have made it difficult to calculate the full extent of overtime compensation due to

18   Plaintiff and the Class.

19      48.   Plaintiff and the Class also request recovery of overtime compensation according

20   to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well

21   as the assessment of any statutory penalties against Defendants, in a sum as provided by the

22   California Labor Code and/or other statutes.

23      49.   California Labor Code § 204 requires employers to provide employees with all

24   wages due and payable twice a month. The Wage Orders also provide that every employer shall

25   pay to each employee, on the established payday for the period involved, overtime wages for all

26   overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class

27   with all compensation due, in violation of California Labor Code § 204.

28

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**(Against All Defendants for Failure to Provide Meal Periods)**

50.   Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

51.   Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

52.   Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

53.   Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

**FOURTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

54.   Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

55.   Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that

15

1  the employer permit and authorize all employees to take paid rest periods of 10 minutes each for

2  each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten

3  minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so

4  required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of

5  the California Labor Code for an employer to require any employee to work during any rest

6  period mandated under any Wage Order.

7      56.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the

8  Class to take rest breaks, regardless of whether employees worked more than 4 hours in a

9  workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as

10  alleged above (or due to the fact that Defendants made it impossible or impracticable to take

11  these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of

12  the California Labor Code and the applicable Wage Orders.

13      57.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

14  premium wages rate for each workday he or she was not provided with all required rest break(s),

15  plus interest thereon.

16  **FIFTH CAUSE OF ACTION**

17  **(Against All Defendants for Failure to Indemnify Necessary Business Expenses)**

18      58.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

19  paragraphs 1 through 21 in this Complaint.

20      59.    Defendants violated Labor Code section 2802 and the IWC Wage Orders, by

21  failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and

22  losses incurred in direct consequence of the discharge of their duties or of their obedience to

23  directions of Defendants.

24      60.    As a result, Plaintiff and the Class were damaged at least in the amounts of the

25  expenses they paid, or which were deducted by Defendants from their wages.

26      61.    Plaintiff and the class they represent are entitled to attorney's fees, expenses, and

27  costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section

28  2802(b).

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

62.   Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

63.   At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64.   Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

65.   Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

66.   California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

67.   Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

1    68.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the

2    Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs

3    incurred in this action.

4                            **SEVENTH CAUSE OF ACTION**

5         **(Against all Defendants for Failure to Provide and Maintain Accurate and**

6                            **Compliant Wage Records)**

7    69.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

8    paragraphs 1 through 21 in this Complaint.

9    70.    At all material times set forth herein, California Labor Code § 226(a) provides that

10   every employer shall furnish each of his or her employees an accurate itemized wage statement

11   in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

12   worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

13   if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

14   on written orders of the employee may be aggregated and shown as one item, (5) net wages

15   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

16   employee and the last four digits of his or her social security number or an employee

17   identification number other than a social security number, (8) the name and address of the legal

18   entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

19   the corresponding number of hours worked at each hourly rate by the employee.

20   71.    Defendants have intentionally and willfully failed to provide employees with

21   complete and accurate wage statements. The deficiencies include, among other things, the

22   failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list

23   the true "total hours worked by the employee," and the failure to list the true net wages earned.

24   72.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

25   and the Class have suffered injury and damage to their statutorily-protected rights.

26   73.    Specifically, Plaintiff and the members of the Class have been injured by

27   Defendants' intentional violation of California Labor Code § 226(a) because they were denied

28   both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

1    statements under California Labor Code § 226(a).

2        74.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and

3    time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as

4    a result of having to bring this action to attempt to obtain correct wage information following

5    Defendants' refusal to comply with many of the mandates of California's Labor Code and related

6    laws and regulations.

7        75.    Plaintiff and the Class are entitled to recover from Defendants their actual

8    damages caused by Defendants' failure to comply with California Labor Code § 226(a).

9        76.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

10   attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

11   Code § 226(h).

12                              **EIGHTH CAUSE OF ACTION**

13   **(Against all Defendants for Violation of California Business & Professions Code §§ 17200,**

14                                    **et seq.)**

15       77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

16   paragraphs 1 through 21 in this Complaint.

17       78.    Defendants, and each of them, are "persons" as defined under California Business

18   & Professions Code § 17201.

19       79.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

20   unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff

21   seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

22   Procedure § 1021.5.

23       80.    Defendants' activities, as alleged herein, are violations of California law, and

24   constitute unlawful business acts and practices in violation of California Business & Professions

25   Code §§ 17200, *et seq.*

26       81.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be

27   predicated on the violation of any state or federal law.  All of the acts described herein as

28   violations of, among other things, the California Labor Code, are unlawful and in violation of

                                        19

1    public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous,

2    and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

3    California Business & Professions Code §§ 17200, *et seq.*

<strong>Failure to Pay Minimum Wages</strong>

5    82.    Defendants' failure to pay minimum wages, and other benefits in violation of the

6    California Labor Code constitutes unlawful and/or unfair activity prohibited by California

7    Business & Professions Code §§ 17200, *et seq.*

<strong>Failure to Pay Overtime Wages</strong>

9    83.    Defendants' failure to pay overtime compensation and other benefits in violation

10   of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity

11   prohibited by California Business & Professions Code §§ 17200, *et seq.*

<strong>Failure to Maintain Accurate Records of All Hours Worked</strong>

13   84.    Defendants' failure to maintain accurate records of all hours worked in accordance

14   with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or

15   unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

<strong>Failure to Provide Meal Periods</strong>

17   85.    Defendants' failure to provide meal periods in accordance with California Labor

18   Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or

19   unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

<strong>Failure to Authorize and Permit Rest Periods</strong>

21   86.    Defendants' failure to authorize and permit rest periods in accordance with

22   California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful

23   and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

<strong>Failure to Indemnify Necessary Business Expenses</strong>

25   87.    Defendants' failure to indemnify employees for necessary business expenses in

26   accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above,

27   constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§

28   17200, *et seq.*

20

**Failure to Provide Accurate Itemized Wage Statements**

88.     Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

89.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

90.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

91.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

92.     Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

93.     Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

94.     Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

95.     Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.     That Plaintiff be appointed as the representative of the Class; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.     For general unpaid wages as may be appropriate;

6.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For liquidated damages;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.     For general unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Third Cause of Action

15.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.     For unpaid meal period premium wages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

## As to the Fourth Cause of Action

20.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21.     For unpaid rest period premium wages as may be appropriate;

22.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

1    24.    For such other and further relief as the Court may deem equitable and appropriate.

2                          As to the Fifth Cause of Action

3    25.    That the Court declare, adjudge and decree that Defendants violated Labor Code §

4    2802 and the IWC Wage Orders;

5    26.    For general unpaid wages and reimbursement of business expenses as may be

6    appropriate;

7    27.    For pre-judgment interest on any unpaid compensation commencing from the date

8    such amounts were due;

9    28.    For reasonable attorneys' fees and for costs of suit incurred herein; and

10    29.    For such other and further relief as the Court may deem equitable and appropriate.

11                          As to the Sixth Cause of Action

12    30.    That the Court declare, adjudge and decree that Defendants violated California

13    Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

14    termination of the employment;

15    31.    For statutory wage penalties pursuant to California Labor Code § 203 for former

16    employees who have left Defendants' employ;

17    32.    For pre-judgment interest on any unpaid wages from the date such amounts were

18    due;

19    33.    For reasonable attorneys' fees and for costs of suit incurred herein; and

20    34.    For such other and further relief as the Court may deem equitable and appropriate.

21                          As to the Seventh Cause of Action

22    35.    That the Court declare, adjudge and decree that Defendants violated the record

23    keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and

24    willfully failed to provide accurate itemized wage statements thereto;

25    36.    For penalties and actual damages pursuant to California Labor Code § 226(e);

26    37.    For injunctive relief to ensure compliance with this section, pursuant to California

27    Labor Code § 226(h);

28    38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

CLASS ACTION COMPLAINT

39.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

40.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

41.     For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

43.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

45.     For such other and further relief as the Court may deem equitable and appropriate.

### As to all Causes of Action

46.     For any additional relief that the Court deems just and proper.

Dated: October 22, 2021                    Respectfully submitted,

                                           MOON & YANG, APC

                                           By: _____
                                               Kane Moon
                                               Allen Feghali
                                               Edwin Kamarzarian
                                               Attorneys for Plaintiff

CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: October 22, 2021                                    MOON & YANG, APC

By: _____
Kane Moon
Allen Feghali
Edwin Kamarzarian
Attorneys for Plaintiff

CLASS ACTION COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 03:09 53 'Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Kane Moon (SBN 249834), Allen Feghali (SBN 301080)<br>MOON & YANG APC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128   FAX NO.: 213-232-3125<br>ATTORNEY FOR *(Name)*: Plaintiff:  Juana Elisa Carrillo Geiz | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Stanley Mosk |

| CASE NAME:<br>Geiz v. Argus Contracting LP, et., al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21STCV39553 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✓ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✓ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✓ Large number of separately represented parties   d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence   f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify)*: 8
5. This case ✓ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/26/2021

Kane Moon
_____   ▶   _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

21STCV39553

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 05:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

| SHORT TITLE: Geiz v. Argus Contracting LP, et., al. | CASE NUMBER 21STCV39553 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Geiz v. Argus Contracting LP, et., al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Geiz v. Argus Contracting LP, et., al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim-Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Geiz v. Argus Contracting LP, et., al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐.11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 10/26/2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/26/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV39553 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Carolyn B. Kuhl | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/27/2021
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Lozano _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT "B"

 CT Corporation

**Service of Process Transmittal**
11/30/2021
CT Log Number 540662042

TO:     James E Hipolit, VP & Gen Csl
        Irex Corporation
        120 N LIME ST
        LANCASTER, PA 17602-2923

RE:     **Process Served in California**

FOR:    Argus Contracting LP  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JUANA ELISA CARRILLO GEIZ, individually, and on behalf of all others similarly situated // To: Argus Contracting LP |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV39553 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/30/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  James E Hipolit  JHIPOLIT@IREXCORP.COM |
| | Email Notification,  Diana Rambler  drambler@irexcorp.com |
| | Email Notification,  Lorraine Maxwell  lshellen@irexcorp.com |
| | Email Notification,  Angela Boyle  aboyle@irexcorp.com |
| | Email Notification,  Shana Nelling  snelling@irexcorp.com |
| | Email Notification,  Karen Lando  klando@irexcorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 866-401-8252<br>EastTeam2@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
11/30/2021
CT Log Number 540662042

**TO:**  James E Hipolit, VP & Gen Csl
Irex Corporation
120 N LIME ST
LANCASTER, PA 17602-2923

**RE:**  **Process Served in California**

**FOR:**  Argus Contracting LP  (Domestic State: CA)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| -- | By Process Server on 11/10/2021 | James E Hipolit, VP & Gen Csl<br>Irex Corporation | 540565391 |

Kane Moon (SBN 249834)
    E-mail: kane.moon@moonyanglaw.com
Allen Feghali (SBN 301080)
    E-mail: allen.feghali@moonyanglaw.com
Edwin Kamarzarian (SBN 327830)
    E-mail: edwin.kamarzarian@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Juana Elisa Carrillo Geiz

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUANA ELISA CARRILLO GEIZ, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ARGUS CONRACTING LP, a California limited partnership; IREX CORPORATION, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants | Case No.: 21STCV39553<br><br>[Hon.Carolyn B. Kuhl, Dept. 12]<br><br>**NOTICE OF INITIAL STATUS CONFERENCE**<br><br>Date: January 14, 2022<br>Time: 10:00 a.m.<br>Dept: 12 |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE that the above-entitled Court, located at 312 North Spring

3   Street, Los Angeles, California 90012, has set an Initial Status Conference for January 14, 2022, at

4   10:00 a.m. in Department 12. Attached hereto as **"Exhibit A"** is a true and correct copy of the

5   court notice.

6

7   Dated: November 23, 2021             Respectfully submitted,

8                                  MOON & YANG, APC

9

10                           By: *Edwin Kamarzarian*

11                                Kane Moon
                                  Allen Feghali

12                                Edwin Kamarzarian
                                  Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

NOTICE OF INITIAL STATUS CONFERENCE

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **21STCV39553** | November 16, 2021 |
| **JUANA ELISA CARRILLO GEIZ vs ARGUS** | 9:25 AM |
| **CONTRACTING LP, et al.** | |

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greene | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** COURT ORDER REGARDING NEWLY FILED CLASS ACTION

The Clerk's Office has randomly assigned this case to this department for all purposes. By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. Pursuant to Government Code Section 70616 (a)-(b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court, within 10 calendar days of this date.

The Court stays this case for all purposes, except for service of the Summons and Complaint, and filing notice of appearance or an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6. The stay continues at least until the Initial Status Conference.
Initial Status Conference is scheduled for 01/14/2022 at 10:00 AM in Department 12 at Spring Street Courthouse.

This Order addresses:

(1) Requirements for early sign-up with an e-service provider in order to facilitate communication with the parties throughout the pendency of the case.
(2) Directives regarding appearance at status conferences.
(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.
(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

******
(1) Early sign-up with an e-service provider.

For efficiency in communication with counsel, the complex program requires the parties in every

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| 21STCV39553 | November 16, 2021 |
| JUANA ELISA CARRILLO GEIZ vs ARGUS | 9:25 AM |
| CONTRACTING LP, et al. | |

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greene | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

new case to use a third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten court days in advance of the Initial Status Conference and advise the Court via email to sscdept12@lacourt.org, which provider was selected. The Court will issue an e-service order.

The court intends to use the message board provided by the e-service provider to communicate with the parties in order to determine if the court can issue a Case Management Order and set deadlines without the parties or attorneys appearing in the courtroom.

Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently available in the Complex Courts.

(2) Directions regarding appearance at status conferences.

Based on current conditions and public health requirements and recommendations regarding the spread of COVID-19, all appearances for status conferences should be by LA CourtConnect (see LACourt.org) absent an articulable special need to appear in person. Counsel also are strongly urged to appear via LA CourtConnect for law and motion matters. The Court must reduce crowding in our physical court facilities to the maximum extent possible.

(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however, it stays all outstanding discovery requests.

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**21STCV39553**                                                    November 16, 2021
**JUANA ELISA CARRILLO GEIZ vs ARGUS**                                        9:25 AM
**CONTRACTING LP, et al.**

Judge: Honorable Carolyn B. Kuhl            CSR: None
Judicial Assistant: L. M'Greene            ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Procedure Section 170.6.

(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a
Joint Initial Status Conference Response Statement.

The court orders counsel to prepare for the Initial Status Conference by identifying and
discussing the central legal and factual issues in the case. Prior to the Initial Status Conference,
Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the
Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin
this process. Counsel then must negotiate and agree, as much as possible, on a case management
plan. To this end, counsel must file a Joint Initial Status Conference Response Statement, five
court days before the Initial Status Conference. The Joint Response Statement must be filed on
line-numbered pleading paper and must specifically answer each of the below-numbered topics.
Do not use the Judicial Counsel Form CM-110 (Case Management Statement).

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and
presently-named defendants, together with all counsel of record, including counsel's contact and
email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of
Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to
add additional class representatives, and, if so, the name(s) and date by which these class
representatives will be added. Indicate whether any plaintiff presently intends to name additional
defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate
whether any appearing defendant presently intends to file a cross-complaint and, if so, the names
of cross-defendants and the date by which the cross-complaint will be filed.

4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or
entity, please explain why the named defendant is improperly named and the proposed procedure
to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or
more named plaintiffs might not be an adequate class representative, including reasons of
conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles
County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these
responses.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV39553**                                              November 16, 2021
**JUANA ELISA CARRILLO GEIZ vs ARGUS**                              9:25 AM
**CONTRACTING LP, et al.**

Judge: Honorable Carolyn B. Kuhl            CSR: None
Judicial Assistant: L. M'Greené             ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more, of the following:
Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, or
Motions for summary judgment or summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third-party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **21STCV39553** | November 16, 2021 |
| **JUANA ELISA CARRILLO GEIZ vs ARGUS** | 9:25 AM |
| **CONTRACTING LP, et al.** | |

Judge: Honorable Carolyn B. Kuhl      CSR: None
Judicial Assistant: L. M'Greené      ERM: None
Courtroom Assistant: None      Deputy Sheriff: None

---

persuasive showing establishes early need. If any party seek discovery from absent class members, please estimate how many, and also state the kind of discovery you propose (See California Rule of Court, Rule 3.768).

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines for and descriptions of other anticipated non-discovery motions.

\*\*\*\*\*\*

Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or, if counsel has not been identified, on all parties, within five (5) days of service of this Order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order. The plaintiff must file a Proof of Service in this department within seven days of service.

IT IS SO ORDERED.

*Carolyn B. Kuhl*
Carolyn B. Kuhl / Judge
Judge of the Superior Court

DATED: 11/16/2021

Counsel below is to provide notice to all parties.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV39553**                                          November 16, 2021
**JUANA ELISA CARRILLO GEIZ vs ARGUS**                              9:25 AM
**CONTRACTING LP, et al.**

Judge: Honorable Carolyn B. Kuhl               CSR: None
Judicial Assistant: L. M'Greené                ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/16/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ L. M'Greené _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Juana Elisa Carrillo Geiz | |
| DEFENDANT/RESPONDENT:<br>Argus Contracting LP et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV39553 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (COURT ORDER REGARDING NEWLY FILED CLASS ACTION) of 11/16/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Kane  Moon
Moon & Yang, APC
1055 W 7th St Ste 1880
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/16/2021

By: L. M'Greené _____
Deputy Clerk

**CERTIFICATE OF MAILING**

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                                    ) ss
COUNTY OF LOS ANGELES        )

       I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, Suite 1880, Los Angeles, California 90017. On November 23, 2021, I served the foregoing document described as:

**NOTICE OF INITIAL STATUS CONFERENCE**

X  by placing ___ the original  X  a true copy thereof enclosed in sealed envelope(s) addressed as follows:

CT Corporation
330 N Brand Blvd
Glendale, CA 91203

*Agents of Service of Process for Defendant Argus Contracting LP*

120 N Lime Street
PO Box 1268
Lancaster, PA 17608 - 1268

*Service of Process for Defendant Irex Corporation*

[✓]  **BY U.S. MAIL**:  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X   (State)       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on November 23, 2021, at Los Angeles, California.

Ximena Reyes
         Name

                    Signature

# EXHIBIT "C"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2021 01:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Grade,Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MOON & YANG, APC<br>Kane Moon, Esq. (SBN 249834); Allen Feghali, Esq. (SBN 301080)<br>Edwin Kamarzarian, Esq. (SBN 327830)<br>1055 West Seventh Street, Suite 1880, Los Angeles, California 90017<br>TELEPHONE NO.: (213) 232-3128     FAX NO. *(Optional):* (213) 232-3125<br>E-MAIL ADDRESS *(Optional):* kane.moon; allen.feghali; edwin.kamarzarian@moonyanglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff JUANA ELISA CARRILLO GEIZ | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
| STREET ADDRESS: 312 North Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, California 90012 |
| BRANCH NAME: SPRING STREET COURTHOUSE |

| | |
|---|---|
| PLAINTIFF/PETITIONER: JUANA ELISA CARRILLO GEIZ, etc.; et al.<br><br>DEFENDANT/RESPONDENT: ARGUS CONTRACTING LP, etc.; et al. | CASE NUMBER:<br>21STCV39553 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>2006060CB |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case

3. a. Party served *(specify name of party as shown on documents served):*
      IREX CORPORATION, a Pennsylvania corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System, Agent for Service of Process by serving Jesse Gastelum, Intake Specialist

4. Address where the party was served:
   330 North Brand Boulevard, Suite 700, Glendale, California 91203

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/10/2021     (2) at *(time):* 12:35 p.m.
   b. [ ] **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: JUANA ELISA CARRILLO GEIZ, etc.; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ARGUS CONTRACTING LP, etc.; et al. | 21STCV39553 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                       (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  IREX CORPORATION, a Pennsylvania corporation
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                             ☐ other:

7.  **Person who served papers**
  a. Name:  Hector Acuna, Ace Attorney Service, Inc.
  b. Address:  811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. **The fee** for service was: $ 54.25
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: November 11, 2021

        HECTOR ACUNA                ▶
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT "D"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2021 11:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Perez, Deputy Clerk

1    Rebecca Aragon, Bar No. 134496
     raragon@littler.com
2    Jacob Krall, Bar No. 296078
     jkrall@littler.com
3    LITTLER MENDELSON P.C.
     633 West Fifth Street
4    63rd Floor
     Los Angeles, California  90071
5    Telephone:    213.443.4300
     Fax No.:       213.449.4299
6

7    Attorneys for Defendants
     ARGUS CONTRACTING, LP AND IREX
     CORPORATION
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12   JUANA ELISA CARRILLO GEIZ, individually and on behalf of all others similarly situated, | Case No.  21STCV39553 |
| 13 | **ANSWER AND AFFIRMATIVE** |
|               Plaintiff, | **DEFENSES TO UNVERIFIED CLASS** |
| 14 | **ACTION COMPLAINT** |
|       v. | |
| 15 | |
|    ARGUS CONTRACTING LP, a California | Complaint Filed:    October 26, 2021 |
| 16   limited partnership; IREX CORPORATION, a Pennsylvania corporation; and DOES 1 through | |
| 17   10, inclusive, | |
| 18             Defendants. | |

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4894-0264-4485.2 / 083674-1008

Defendants Argus Contracting LP and Irex Corporation (collectively, "Defendants"), answering the Complaint of Plaintiff JUANA ELISA CARRILLO GEIZ ("Plaintiff"), individually, on behalf of all other similarly situated, hereby answer Plaintiff's unverified Complaint pursuant to Code of Civil Procedure Section 431.30(b), as follows:

## GENERAL DENIAL

Defendants deny each and every, all and singular, of the allegations contained in the Complaint, conjunctively and disjunctively, and further deny that Plaintiff Geiz, or any purported plaintiff class member (collectively "Plaintiff") sustained any damages in the sums alleged, or any other sum, or at all, and further generally and specifically deny that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (COLLECTIVE BARGAINING AGREEMENT – ARBITRATION)

Defendants allege that Plaintiff's claims, and that of the putative class, are barred on the ground that the employment of Plaintiff and/or other putative class members is governed by a Collective Bargaining Agreement, which includes an arbitration agreement and, therefore, Plaintiff's, and the putative class's, exclusive remedy for the claims in the Complaint is through final and binding arbitration.

## THIRD AFFIRMATIVE DEFENSE

### (COLLECTIVE BARGAINING AGREEMENT – EXEMPTION)

Defendant alleges that by virtue of collective bargaining agreements, Plaintiff and certain members of the putative class are exempt from certain overtime and meal and rest period obligations under the provisions of the applicable Wage Orders and the Labor Code, including but not limited to Wage Order 16 and Labor Code section 514, and those claims are, therefore, barred.

///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4894-0264-4485.2 / 083674-1008

2

ANSWER TO CLASS ACTION COMPLAINT

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(COLLECTIVE BARGAINING AGREEMENT – PREEMPTION)**

3       Defendant alleges that the Complaint and causes of action alleged therein are barred because

4   Plaintiff's Complaint is substantially dependent upon an analysis of the provisions, terms and

5   conditions of a collective bargaining agreements that existed at all relevant times between Defendant

6   Argus Contracting LP and the union(s) representing Plaintiff and the putative class, and the complaint

7   is therefore preempted by section 301(a) of the Labor-Management Relations Act ("LMRA"), 29

8   U.S.C. § 185(a) ("Section 301").

9

**FIFTH AFFIRMATIVE DEFENSE**

10

**(LACK OF SUBJECT MATTER JURISDICTION)**

11       Defendants allege that this Court lacks subject matter jurisdiction over Plaintiff's claims, and

12   those of the putative class, due to the presence of a mandatory, binding arbitration agreement between

13   Plaintiff, and/or members of the putative class, and Defendants contained in the parties' Collective

14   Bargaining Agreement(s).  The filing of this Complaint violates Plaintiff's, and the putative class's,

15   agreement to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiff, and

16   individual members of the putative class, should be compelled to arbitrate.

17

**SIXTH AFFIRMATIVE DEFENSE**

18

**(DEFENDANT NOT THE EMPLOYER)**

19       The Complaint, and each and every cause of action alleged therein, is barred, in whole or in

20   part, because Plaintiff, and/or some or all of the putative class/collective members were not employed

21   by Defendant Irex Corporation.

22

**SEVENTH AFFIRMATIVE DEFENSE**

23

**(STATUTE OF LIMITATIONS)**

24       The Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including

25   without limitation, Civil Procedure sections 338(a), 340(a) and 343, California Labor Code section

26   203(b) and California Business and Professions Code section 17208.

27   ///

28   ///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

3

ANSWER TO CLASS ACTION COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

The Complaint, and each cause of action set forth therein, or some of them, is barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

**NINTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION – CERTIFICATION PREREQUISITES)**

The Complaint, and each cause of action set forth therein, or some of them, is barred because Plaintiff has failed to, and cannot, satisfy the requirements for the maintenance of a class, representative, or collective action, including, and without limitation, ascertainability, predominance, adequacy of representation (of both the proposed class representative and proposed class counsel), and superiority (under the requirements of California Code of Civil Procedure section 382 or Rule 23 of the Federal Rules of Civil Procedure), and further alleges that public policy considerations do not favor such a certification.

**TENTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION STATUS – UNCONSTITUTIONAL)**

The Complaint, and each cause of action set forth therein, or some of them, is barred because certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution and/or a denial of Defendants' equal protection.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION – LACK OF MANAGEABILITY)**

The Complaint, and each cause of action set forth therein, or some of them, is barred because of difficulties likely to be encountered that render the action unmanageable.

**TWELFTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION – NO DAMAGES)**

The Complaint, and each cause of action set forth therein, or some of them, is barred because

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

4

ANSWER TO CLASS ACTION COMPLAINT

1  this case cannot be tried on a representative basis or with the use of statistical sampling consistent with

2  due process because the use of representative evidence or statistical sampling would result in damages

3  being awarded to those who have suffered no injury and have no legal right to damages.

4  **THIRTEENTH AFFIRMATIVE DEFENSE**

5  **(EQUITABLE DEFENSES)**

6      Defendants are informed and believe that a reasonable opportunity for investigation and

7  discovery will reveal and, on that basis allege any recovery on Plaintiff's Complaint is barred, in

8  whole or in part, to the extent that Plaintiff and/or the alleged putative class members' claims are

9  estopped, barred by laches, or barred by unclean hands.

10  **FOURTEENTH AFFIRMATIVE DEFENSE**

11  **(UNCERTAINTY)**

12      Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's and/or

13  the alleged putative class members' Complaint is uncertain.

14  **FIFTEENTH AFFIRMATIVE DEFENSE**

15  **(CONSENT)**

16      Defendants are informed and believe that a reasonable opportunity for investigation and

17  discovery will reveal and, on that basis allege the Complaint and each cause of action alleged therein

18  are barred by the doctrine of consent.

19  **SIXTEENTH AFFIRMATIVE DEFENSE**

20  **(GOOD FAITH)**

21      The Complaint, in whole or in part, is barred to the extent that any violation of the Labor Code

22  or an order of the Industrial Welfare Commission was an act or omission made in good faith, and

23  Defendants had reasonable grounds for believing that the act or omission was not a violation of the

24  Labor Code or any order of the Industrial Welfare Commission and that, accordingly, they did not

25  willfully or intentionally fail to pay additional compensation to Plaintiff or class members, and no

26  waiting time penalties should be awarded Plaintiff or class members for any violation thereof that may

27  be found to exist.

28  ///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

5

ANSWER TO CLASS ACTION COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (BUSINESS NECESSITY)

The Complaint is barred, in whole or in part, to the extent the conduct taken by Defendants toward Plaintiff or the putative class members was for lawful business reasons and by reason of business necessity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (INJURY RESULTED FROM ACT OR OMISSION OF PLAINTIFF AND/OR THE PUTATIVE CLASS)

Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege each purported cause of action contained in the Complaint, or some of the causes of action, are barred because the alleged losses or harms sustained by Plaintiff and/or the putative class, if any, resulted from the acts or omissions of Plaintiff and/or the putative class, and/or was proximately caused by the actions or inactions of Plaintiff and/or the putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

## (BREACH OF DUTIES)

Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein is barred by Plaintiff's and/or the alleged putative class members' own breach of duties owed to Defendants under California Labor Code sections 2853, 2854, and/or 2856-2859, because, *inter alia*, Plaintiff and/or the alleged putative class members' affirmatively indicated she/they received meal breaks and compensation for time and otherwise failed to report claims upon which the complaint is asserted.

## TWENTIETH AFFIRMATIVE DEFENSE

## (FAILED TO COMPLY WITH POLICY)

Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that the Complaint is barred, in whole or in part, to the extent Plaintiff or the putative class members failed to comply with Defendants' policies or

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4894-0264-4485.2 / 083674-1008

6

ANSWER TO CLASS ACTION COMPLAINT

1  instructions and such failure proximately caused their alleged damages, if any.

2  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3  **(AVOIDABLE CONSEQUENCES)**

4  Defendants are informed and believe that a reasonable opportunity for investigation and

5  discovery will reveal and, on that basis allege, that Plaintiff's claims and those of the putative class

6  members are barred, in whole or in part, by the doctrine of avoidable consequences, including, but not

7  limited to, Defendants' clearly communicated policy prohibiting improper pay practices that provided

8  Plaintiff and the putative class members a mechanism to complain or report improper pay practices,

9  and Plaintiff and the putative class members failed to take advantage of such complaint mechanisms

10  to report any of the acts or omissions alleged in the Complaint.

11  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12  **(NO PERMISSION)**

13  Defendants are informed and believe that a reasonable opportunity for investigation and

14  discovery will reveal and, on that basis allege that if Plaintiff and some or all of the putative class

15  Plaintiff seeks to represent "worked" hours for which compensation was not paid, Defendants had no

16  knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent

17  or permission of Defendants.

18  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

19  **(FAILURE TO MITIGATE)**

20  Defendants are informed and believe that a reasonable opportunity for investigation and

21  discovery will reveal and, on that basis allege Plaintiff and some or all of the putative class Plaintiff

22  seeks to represent have failed to exercise reasonable care to mitigate their damages, if any, including

23  but not limited to the extent that Plaintiff and putative class members worked any unpaid time and

24  failed to report such unpaid time to Defendants; to the extent that Plaintiff and putative class members

25  failed to take any meal break that was provided by Defendants, and/or failed to report to Defendants

26  any inability to take a meal break, and/or reported having taken meal breaks when, in fact, the meal

27  breaks were not taken; and to the extent that Plaintiff and putative class members failed to follow

28  company rules and procedures, including those articulated in the Collective Bargaining Agreement(s),

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

7

ANSWER TO CLASS ACTION COMPLAINT

1  regarding the recording of work time, the taking of meal breaks, and/or failed to complete work in a

2  timely manner. If it is determined that Plaintiff and/or putative class members have the right to any

3  recovery against Defendants, such recovery should be reduced and/or eliminated by such failure to

4  mitigate damages.

5  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6  **(FAILURE TO TAKE BREAKS PROVIDED)**

7  Defendants are informed and believe that a reasonable opportunity for investigation and

8  discovery will reveal and, on that basis allege, that, assuming *arguendo* Plaintiff and/or the putative

9  class she seeks to represent were entitled to meal breaks, Plaintiff and/or the putative class she seeks

10  to represent have no right to a premium payment under California Labor Code section 226.7 because

11  they (1) failed to take breaks that were provided to them in compliance with California law, (2) chose

12  not to take the breaks that were authorized and permitted, (3) chose not to take breaks without

13  permission or the actual or constructive knowledge of Defendants, or (4) waived their right to meal

14  breaks under California Labor Code section 512(a).

15  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16  **(LABOR CODE SECTIONS 201 AND 202 – GOOD FAITH DISPUTE)**

17  The Complaint fails to state a claim for penalties under the California Labor Code because (1)

18  there are bona fide good faith disputes as to whether further compensation is due to Plaintiff and/or

19  the putative class members, and if so, as to the amount of such further compensation; (2) Defendants

20  have not willfully failed to pay such additional compensation, if any is owed; and (3) to impose

21  penalties in this case would be inequitable and unjust.

22  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

23  **(LABOR CODE SECTION 203 – NO WILLFUL OR INTENTIONAL VIOLATION)**

24  The Complaint fails to state a claim for penalties under California Labor Code section 203

25  because Defendants did not willfully or intentionally violate Labor Code sections 201 or 202.

26  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27  **(WAITING TIME PENALTIES – STATUTE OF LIMITATIONS)**

28  Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part,

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

8

ANSWER TO CLASS ACTION COMPLAINT

1   by the statute of limitations, as any claim stopped accruing upon the filing of the complaint.

2   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

3   **(NO INJURY OR STANDING FOR WAGE STATEMENT CLAIM)**

4   Even if Defendants failed to provide Plaintiff and/or members of the putative class with

5   accurate itemized wage statements, which Defendants deny, Plaintiff and the putative class did not

6   suffer injury as a result of such failure and so lack standing to assert a claim under California Labor

7   Code section 226.

8   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

9   **(WAGE STATEMENTS – NOT KNOWING AND INTENTIONAL)**

10   Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part,

11   because Plaintiff and the putative class members were not "injured" thereby and/or because

12   Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing

13   and intentional failure" under California Labor Code § 226(e).

14   **THIRTIETH AFFIRMATIVE DEFENSE**

15   **(FAILURE TO REIMBURSE BUSINESS EXPENSES – NOT REASONABLY NECESSARY**

16   **OR REQUIRED)**

17   Defendants are informed and believe that a reasonable opportunity for investigation and

18   discovery will reveal and, on that basis allege any claims for civil penalties pursuant to Labor Code

19   section 2802 are barred, in whole or in part, because the expenses claimed were not reasonably

20   necessary/required for job and/or were not incurred in direct consequence of the discharge of their

21   duties.

22   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

23   **(SECTION 17200 UNCONSTITUTIONAL)**

24   The prosecution of a representative action on behalf of the general public under California

25   Business and Professions Code section 17200, *et seq.*, is unconstitutionally vague and overbroad and,

26   as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due

27   process rights, both substantive and procedural, and right to equal protection in violation of the

28   California Constitution and the Fourteenth Amendment to the United States Constitution, in that it

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4894-0264-4485.2 / 083674-1008

9

ANSWER TO CLASS ACTION COMPLAINT

1  would prevent Defendants from raising individual defenses against each putative class member.

2  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

3  ### (ADEQUATE REMEDY AT LAW)

4  Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate and complete

5  remedy at law.

6  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

7  ### (NO STANDING FOR UNFAIR BUSINESS PRACTICES CLAIM)

8  The eighth cause of action fails to the extent that Plaintiff lacks standing as a representative of

9  a purported class under California Business and Professions Code section 17204.

10  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

11  ### (NO RESTITUTION)

12  Plaintiff's claims seeking recovery in the form of restitution, disgorgement, or injunctive relief

13  under California Business and Professions Code section 17200, *et seq.*, are barred with respect to any

14  alleged violations that have been discontinued, ceased, or are not likely to recur.

15  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

16  ### (NO COGNIZABLE INJURY)

17  Plaintiff and some or all of the putative class Plaintiff seeks to represent suffered no cognizable

18  injury under California Business and Professions Code section 17200 *et seq.*, and therefore lack

19  standing to pursue a representative action thereunder.

20  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

21  ### (NOT A PROPER REPRESENTATIVE ACTION)

22  As a separate and distinct affirmative defense, Plaintiff's claims under California Business and

23  Professions Code section 17200 *et seq.* do not constitute a proper representative action.

24  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

25  ### (NO RESTITUTION UNDER THE UCL)

26  Plaintiff's claims for restitution pursuant to California Business and Professions Code section

27  17200 *et seq.*, are barred to the extent they constitute claims for damages.

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

10

ANSWER TO CLASS ACTION COMPLAINT

1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (DE MINIMIS)

3     Defendants are informed and believe that a reasonable opportunity for investigation and

4     discovery will reveal and, on that basis allege that some or all of the wages purportedly owed to

5     Plaintiff or the putative class members, and which Plaintiff seeks to recover, is for time that is not

6     compensable pursuant to the doctrine of *de minimis non curat lex.*

7

## THIRTY-NINTH AFFIRMATIVE DEFENSE

8

### (OFFSET)

9     To the extent Plaintiff or the putative class members are entitled to any additional

10    compensation, such additional compensation must be offset by the amount of any compensation and/or

11    other monies Plaintiff or the putative class members received from Defendants, at any time, in excess

12    of the amount of compensation to which they were legally entitled for work performed.

13

## FORTIETH AFFIRMATIVE DEFENSE

14

### (COMPROMISE AND RELEASE)

15    The Complaint is barred, in whole or in part, to the extent Plaintiff or the putative class

16    members knowingly and voluntarily settled, compromised, and release claims alleged in this lawsuit.

17

## FORTY-FIRST AFFIRMATIVE DEFENSE

18

### (RELEASE)

19    The Complaint is barred by waiver and release to the extent that Plaintiff and/or any putative

20    class members have released or will release Defendants from liability for such claims asserted in the

21    Complaint prior to adjudication of those claims.

22

## FORTY-SECOND AFFIRMATIVE DEFENSE

23

### (UNJUST ENRICHMENT)

24    Defendants are informed and believe that a reasonable opportunity for investigation and

25    discovery will reveal and, on that basis allege the Complaint is barred, in whole or in part, by the

26    doctrine of unjust enrichment.

27    ///

28    ///

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

11

ANSWER TO CLASS ACTION COMPLAINT

1

### FORTY-THIRD AFFIRMATIVE DEFENSE

2

### (CLAIMS UNCONSTITUTIONALLY VAGUE AND AMBIGUOUS)

3   The Complaint, and each cause of action set forth therein, or some of them, is barred because

4   the applicable Wage Orders of the Industrial Welfare Commission and California Business and

5   Professions Code sections 17200 *et seq.*, are unconstitutionally vague and ambiguous and violate

6   Defendants' rights under the United States Constitution and the California Constitution as to, among

7   other things, due process of law.

8

### FORTY-FOURTH AFFIRMATIVE DEFENSE

9

### (LACK OF STANDING TO RECOVER PENALTIES)

10   Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain

11   of the penalties sought in the Complaint, as such penalties may only be imposed in a proceeding

12   brought by the California Labor Commissioner.

13

### FORTY-FIFTH AFFIRMATIVE DEFENSE

14

### (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

15   Defendants are informed and believe that a reasonable opportunity for investigation and

16   discovery will reveal and, on that basis allege that the Court lacks jurisdiction over the subject matter

17   of this action by reason of Plaintiff's failure to timely and/or completely exhaust her administrative

18   remedies under the Collective Bargaining Agreement that governs her employment.

19

### FORTY-SIXTH AFFIRMATIVE DEFENSE

20

### (EXCESSIVE FINES)

21   As applied in this putative class action, employment of civil penalties would result in the

22   imposition of excessive fines in violation of Article I, section 17 of the California Constitution and the

23   Eighth Amendment to the United States Constitution, as made applicable to the states under the

24   Fourteenth Amendment to the United States Constitution. *See People ex rel Lockyer v. R.J. Reynolds*

25   *Tobacco Company*, 37 Cal. 4th 707 (2005).

26

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

27

### (NO PREJUDGMENT INTEREST)

28   The Complaint fails, in whole or in part, to properly state a claim upon which prejudgment

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

12

ANSWER TO CLASS ACTION COMPLAINT

1  interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of

2  prejudgment interest.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (NO ATTORNEYS' FEES)

5       The Complaint fails, in whole or in part, to state a claim for which attorneys' fees and costs

6  may be granted.

### FORTY-NINETH AFTTIERMATIVE DEFENSE

### (Estoppel)

9       Defendants allege that, to the extent evidence of such is developed, Plaintiff's Complaint and

10  the purported causes of action therein are barred by the doctrine of estoppel.

### FIFTIETH AFFIRMATIVE DEFENSE

### (Own Acts)

13       Defendants are informed and believe that a reasonable opportunity for investigation and

14  discovery will reveal and, on that basis allege, that if Plaintiff and those who Plaintiff seeks to represent

15  have suffered any harm/damages (which is expressly denied), said harm/damages was proximately

16  caused by their own acts.

### RESERVATION OF ADDITIONAL DEFENSES

18       Defendants allege that the Complaint does not describe the claims or facts being alleged

19  with sufficient particularity to permit Defendants to ascertain what other defenses may exist.

20  Defendants will rely on any and all further defenses that become available or appear during discovery

21  in this action and specifically reserve the right to amend this Answer for purposes of asserting such

22  additional defenses.

### PRAYER FOR RELIEF

24       WHEREFORE, Defendants pray that:

25      1.    Plaintiff take nothing by way of the Complaint;

26      2.    The Complaint and each claim for relief be dismissed in its entirety with prejudice;

27      3.    Plaintiff be denied each and every demand and prayer for relief contained in the

28  Complaint;

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4894-0264-4485.2 / 083674-1008

13

ANSWER TO CLASS ACTION COMPLAINT

1    4.   Costs of suit incurred herein, including reasonable attorneys' fees and costs, as and

2    where permitted under California law, be awarded to Defendants; and

3    5.   The Court grant other and further relief as it deems just and equitable.

4

5    Dated: December 8, 2021                          LITTLER MENDELSON P.C.

6

7

8                                                    Rebecca Aragon
                                                     Jacob Krall
9                                                    Attorneys for Defendants
                                                     ARGUS CONTRACTING LP and IREX
10                                                   CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

14

ANSWER TO CLASS ACTION COMPLAINT

**PROOF OF SERVICE**
*Juana Elisa Carrillo Geiz v. Argus Contacting, et al.*
*Los Angeles County Superior Court Case No. – 21STCV39553*

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071.

On December 8, 2021, I served the within documents described as:

**ANSWER AND AFFIRMATIVE DEFENSES TO UNVERIFIED CLASS ACTION COMPLAINT**

on the interested parties by placing ☐ the original [or] ☒ a true copy thereof ☒ to interested parties as follows [or] ☒ as stated on the below service list:

| | |
|---|---|
| Kane Moon | ***Attorneys for Plaintiff, JUANA ELISA*** |
| Allen Feghali | ***CARRILLO GEIZ*** |
| Edwin Kamarzarian | |
| MOON & YANG, APC | |
| 1055 W. Seventh Street, Suite 1880 | |
| Los Angeles, CA 90017 | |
| Telephone: 213.232.3128 | |
| Facsimile: 213.232.3125 | |
| E-mail: kane.moon@moonyanglaw.com | |
| Allen.feghali@moonyanglaw.com | |
| Edwin.kamarzarian@moonyanglaw.com | |

☐ **BY UNITED STATES MAIL.** by placing a true copy of the document listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☒ **BY ELECTRONIC MAIL:** Due to COVID-19 and pursuant to Judicial Council Emergency Rule 12(b)(1), (2), Code of Civil Procedure section 1010.6(a)(4)(B), and CRC 2.251 (c)(1) (amended eff 1/1/2020), I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is mjan@littler.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 8, 2021, at Los Angeles, California.

/s/ *Mary An*
Mary An

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4894-0264-4485.2 / 083674-1008

ANSWER TO CLASS ACTION COMPLAINT

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
|---|---|
| **SHORT TITLE:** JUANA ELISA CARRILLO GEIZ vs ARGUS CONTRACTING LP, et al.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>21STCV39553 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 5054226_2021_12_08_19_50_47_213_3
Submission Number: 21LA04449202
Court Received Date: 12/08/2021
Court Received Time: 11:53 am
Case Number: 21STCV39553
Case Title: JUANA ELISA CARRILLO GEIZ vs ARGUS CONTRACTING LP, et al.
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 12/08/2021
Notice Generated Time: 12:22 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859